[Cite as *C.L. v. J.K.*, 2017-Ohio-1024.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

C. L.

     Appellee

     v.

J. K.

     Appellant

C.A. No.     28297

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR-2005-04-1242

DECISION AND JOURNAL ENTRY

Dated: March 22, 2017

---

HENSAL, Presiding Judge.

{¶1} Defendant-Appellant, J.K., appeals from the judgments of the Summit County Court of Common Pleas, Domestic Relations Division, adopting the magistrate's decision and overruling his objections to same. For the reasons that follow, this Court affirms.

I.

{¶2} J.K. ("Father") and his former spouse ("Mother") divorced in 2005, and are the parents of two minor children. Mother is the residential parent and sole custodian of both children. In 2015, Father, acting pro se, moved the trial court for a modification of the existing allocation of parental rights and responsibilities, and for Mother to be held in contempt. The magistrate held four separate hearings relating to Father's motions, and ultimately determined that Mother should remain the residential parent and sole custodian of the children, and denied his motion for contempt. The trial court adopted the magistrate's decision shortly thereafter.

Father filed objections, which the trial court overruled. He now appeals, raising one assignment of error for our review.

## II.

### ASSIGNMENT OF ERROR

* * * WHERE FINDINGS OF FACT ARE GENERALLY SUBJECT TO THE CLEARLY ERRONEOUS STANDARD OF APPELLATE REVIEW, THE STANDARD APPLIES TO INFERENCES DRAWN FROM UNDISPUTED OR STIPULATED FACTS THE COURT STATED THAT THE BENCH-TRIAL FACT FINDINGS, WHETHER BASED ON ORAL OR OTHER EVIDENCE, MUST NOT BE SET ASIDE UNLESS CLEARLY ERRONEOUS. * * * BASED ITS DECISION OR ORDER ON AN ERRONEOUS FINDING OF FACT IN A PERVERSE OR CAPRICIOUS MANNER[.] (SIC) * * * A JUDGMENT BECOMES REVERSIBLE IF THE FACTUAL ISSUES ARE REVIEWED IN A CLEARLY ERRONEOUS MANNER. [I]T WAS STATED THAT A FINDING IS "CLEARLY ERRONEOUS" WHEN ALTHOUGH THERE IS EVIDENCE TO SUPPORT IT, THE REVIEWING COURT ON THE ENTIRE EVIDENCE IS LEFT WITH THE DEFINITE AND FIRM CONVICTION THAT A MISTAKE HAS BEEN COMMITTED. * * *.

{¶3} Although Father's assignment of error is difficult to decipher, he seems to assert that the trial court abused its discretion when it adopted the magistrate's decision because it was based upon "clearly erroneous" findings. This Court, however, need not address the merits of Father's assignment of error because he has failed to properly develop an argument in support of his position.

{¶4} By way of summary, Father's merit brief details his turbulent relationship with Mother, the lengthy history of this case, the challenges his children are facing personally and academically, his vehement dislike and disapproval of the magistrate and trial judge, his criticisms of Mother's parenting skills and mental health, his criticisms of the magistrate and trial judge's treatment of the guardian ad litem, and the lengths he has gone to in his attempts to fix the irreparable damage that the court system has supposedly inflicted upon his children. More specifically, he asserts that the magistrate and trial judge are corrupt and should be investigated

and disbarred, the trial judge should be removed from this case and from office, Mother should be charged with perjury, and the trial judge is guilty of treason, for which the magistrate is jointly and severally liable. Father summarizes this case as a "never ending Jerry Springer episode[,]" that is "corrupt in every aspect[,]" and asks this Court to reverse and remand the trial court's decision and to order a new trial.

{¶5} Father's merit brief, however, contains no application of the relevant law to the facts presented, nor any cogent analysis of the pertinent issues. At one point, Father offers a "metaphysical explanation" of this case that includes references to Bell's Principle, Heisenberg's Uncertainty Principle, and Magic Theory, none of which is legally relevant. Notably, Father implicitly acknowledges the deficiencies in his merit brief, urging this Court to "overlook the differences in [his] appellate brief and what is outlined in the Local Rules[,]" and to grant him leeway considering this is "the most Jerry Springer Domestic case in U.S. history." He states: "I realize that some of what I will be asking for is out of the typical jurisdiction or the perceived responsibility of the Appellate Court…but I am hoping that [this Court sees] the bigger picture…and that God may not be as interested in legal loop holes[.]" Despite Father's urging to the contrary, the jurisdiction and responsibility of this Court is determined and limited by statute. R.C. Chapter 2501. Accordingly, this Court has no authority to consider claims alleging violations of the Code of Judicial Conduct, nor do we have the authority to initiate criminal proceedings, investigate allegations of criminal conduct, or make findings of guilt.

{¶6} This Court has consistently held that "failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996). Regarding pro se litigants, we have stated that they "should be granted reasonable leeway such that their motions and pleadings should be liberally construed so

as to decide the issues on the merits, as opposed to technicalities." *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. They, however, are "presumed to have knowledge of the law and correct legal procedures so that [they] remain[] subject to the same rules and procedures to which represented litigants are bound." *Id.* This includes Appellate Rule 16(A)(7), which provides that an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." While Father's merit brief does contain citations to legal authority in the form of bullet-point lists at various places throughout his brief, he has not developed any argument that applies the cited authority to the facts presented. *See State v. Georgeoff*, 9th Dist. Medina No. 3195-M, 2002 WL 58003, *6-7 (overruling the appellant's assignment of error under Appellate Rules 12(A)(2) and 16(A)(7) because the appellant failed to apply the law to the facts presented).

{¶7} To the extent that an argument exists in support of Father's assignment of error, "it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Accordingly, we "disregard this inadequately argued assignment of error." *Id.*, citing App.R. 12(A)(2) and App.R. 16(A)(7).

III.

{¶8} Father's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgement affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

J. K., pro se, Appellant.

C. L. pro se, Appellee.