[Cite as *In re T.D.*, 2018-Ohio-204.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

IN RE: T.D.

C.A. No.     16AP0035

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     10-0168-CCV

DECISION AND JOURNAL ENTRY

Dated: January 22, 2018

HENSAL, Presiding Judge.

{¶1}   Tara Meier appeals judgments of the Wayne County Court of Common Pleas, Juvenile Division, that determined that Anthony Wilson is the father of her daughter T.D. and, later, awarded custody of T.D. to him.  For the following reasons, this Court affirms.

I.

{¶2}   Ms. Meier gave birth to T.D. in 2005.  At the time, she was married to Robert Brick.  Genetic testing later established that Mr. Wilson is the natural father of T.D.  In 2010, following Ms. Meier's divorce from Mr. Brick, Mr. Wilson filed a complaint to establish parentage in the juvenile division of the Wayne County Court of Common Pleas.  He also filed a motion for custody and an allocation of parental rights.  As the case progressed, Ms. Meier and Mr. Wilson agreed to a shared parenting plan.  The juvenile court subsequently entered a judgment that changed T.D.'s name and ordered the issuance of a new birth certificate that would list Mr. Wilson as her father.  It also adopted the parties' shared parenting plan and made

it the order of the court. Under the terms of the shared parenting plan, T.D. would primarily reside with Ms. Meier.

{¶3} In 2014, Mr. Wilson moved for reallocation of parental rights, alleging that Ms. Meier had moved outside of Wayne County and had not notified him of her new address. The court subsequently granted Mr. Wilson temporary emergency custody after Ms. Meier moved T.D. to Texas without providing the notice required by the parties' shared parenting plan. Following a hearing on the motion for reallocation of parental rights, a magistrate recommended awarding custody to Mr. Wilson. Ms. Meier filed multiple objections to the decision, but the juvenile court overruled her objections and granted Mr. Wilson's motion for reallocation of parental rights. Ms. Meier has appealed, assigning three errors.[1]

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO DISMISS WILSON'S COMPLAINT TO ESTABLISH PATERNITY (FEB. 1, 2010), WHERE MEIER HAD PREVIOUSLY FILED AN ACTION FOR DIVORCE IN ANOTHER OHIO COURT, AND WHERE THE MINOR CHILD WAS BORN OF THAT MARRIAGE AND SUBJECT TO THE DIVORCE PROCEEDINGS IN SAID OTHER OHIO COURT.

{¶4} Ms. Meier argues that Mr. Wilson's complaint to establish paternity was improper because he did not request an administrative determination of paternity first under Revised Code Section 3111.38 and because none of the exceptions outlined in Section 3111.381 applied. She

---

[1] Although the trial court entered its original judgment in this case in 2010, the judgment did not include the language required by Civil Rule 58(B). Accordingly, Ms. Meier's time to appeal the judgment never began to run. *Scott v. McCluskey*, 9th Dist. Summit No. 25838, 2012-Ohio-2484, ¶ 20. In the notice of appeal that she filed following the trial court's grant of Mr. Wilson's motion for reallocation of paternal rights, Ms. Meier has specifically listed each of the trial court's journal entries since 2010. Upon review of the record, we conclude that she has timely exercised her right to appeal all of those decisions.

also argues that, despite her divorce from Mr. Brick, he remains T.D.'s presumptive father and that the genetic testing that was performed was insufficient evidence to rebut the presumption by clear and convincing evidence under Section 3111.03(B). Ms. Meier, therefore, argues that the trial court's order granting Mr. Wilson custody of T.D. places her with a stranger who has no biological connection to her. According to Ms. Meier, the trial court's order is invalid because it did not have jurisdiction to decide this case.

{¶5} The Ohio Supreme Court has explained that "[t]he general term 'jurisdiction' can be used to connote several distinct concepts, including jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over a particular case." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 18. "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases" and "is determined without regard to the rights of the individual parties involved in a particular case." *Id*. at ¶ 19. A court's jurisdiction over a particular case on the other hand "refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Id*. Here, Ms. Meier recognizes the juvenile court's general power to adjudicate paternity actions. *See* R.C. 3111.06(A). Her argument, therefore, involves the juvenile court's jurisdiction over a particular case, not its subject-matter jurisdiction. *See Morris v. Mottern*, 9th Dist. Medina No. 14CA0043-M, 2015-Ohio-4523, ¶ 22-23 (concluding that argument that trial court lacked authority to preside over paternity action because no exception under Section 3111.381 applied involved the court's jurisdiction over a particular case). Unlike lack of subject-matter jurisdiction, lack of jurisdiction over a particular case only renders a judgment voidable. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 12.

{¶6} In *Morris*, this Court recognized that "alleged errors in the trial court's exercise of its jurisdiction may be forfeited if not timely raised[.]" *Morris* at ¶ 24. Ms. Meier did not challenge the trial court's authority to rule on Mr. Wilson's paternity action before it entered its judgment in October 2010. To the contrary, she specifically agreed that T.D.'s name should be changed and that Mr. Wilson should be listed as T.D.'s father on a new birth certificate. She also entered into a shared parenting plan with Mr. Wilson. We, therefore, conclude that Ms. Meier has not preserved the issue of the trial court's jurisdiction over Mr. Wilson's paternity action for appellate review. Ms. Meier's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ALLOCATING PARENTAL RIGHTS AND RESPONSIBILITIES WITHOUT FIRST MAKING A DETERMINATION OF THE EXISTENCE OR NONEXISTENCE OF A PARENT AND CHILD RELATIONSHIP AS IS REQUIRED BY R.C. § 3113.13(C), AND WITH ONLY THE PARTIES' AGREEMENT TO SUPPORT A QUASI-DETERMINATION OF THE EXISTENCE OF A PARENT AND CHILD RELATIONSHIP.

{¶7} In her second assignment of error, Ms. Meier again argues that the trial court did not have sufficient evidence to determine whether Mr. Wilson is T.D.'s father, noting that the alleged paternity test that established the relationship was never made part of the record. According to Ms. Meier, the parties' agreement that Mr. Wilson is T.D.'s father is insufficient to legally establish such relationship under Chapter 3111. She argues that, in the absence of a specific finding by the juvenile court that a parent and child relationship exists between Mr. Wilson and T.D., the court did not have authority to allocate any parental rights and responsibilities to Mr. Wilson.

{¶8} Section 3111.13(A) provides that "[t]he judgment or order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes." The section does not provide that the court's judgment must include any

specific language or take any particular form. In this case, the juvenile court made the parties' shared parenting plan "the order of the Court." That plan indicated that "the parties are the parents of one (1) child born as issue of their relationship, to wit: [T.D.] * * *. The record, therefore, does establish Mr. Wilson's paternity of T.D., contrary to Ms. Meier's assertion.

{¶9} To the extent that Ms. Meier is arguing that the court's paternity determination was not supported by sufficient evidence, we note that she stipulated to that finding. *See In re B.M.*, 181 Ohio App.3d 606, 2009-Ohio-1718, ¶ 43 (11th Dist.) ("Since a stipulation has the same force and effect as testimony, it may, depending on the nature of the matter or matters stipulated, rise to the level of clear and convincing evidence."). To the extent that Ms. Meier is challenging the trial court's authority to modify the shared parenting plan, Section 3111.16 provides that a court has continuing jurisdiction to modify or revoke a judgment or order issued under Section 3111.01 to 3111.18. Accordingly, we conclude that Ms. Meier has failed to establish any error by the juvenile court. Ms. Meier's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, IMPROPERLY EXERCISED SUBJECT MATTER JURISDICTION, UNDER: (1) R.C. § 2151.23(A)(2); (2) R.C. § 3127.18(A); (3) R.C. § 3127.16; (4) R.C. § 2705.01 ET SEQ.; (5) R.C. § 3111.01 ET SEQ.; AND (6) R.C. §§ 3127.01-3127.51. THE TRIAL COURT FURTHER ERRED WHEN IT FAILED TO FULLY COMPLY WITH CIV.R. 53(D)(3)(a)(iii) IN ANY MAGISTRATE'S DECISION; WHEN IT FAILED TO COMPLY WITH CIV.R. 53(D)(2)(a)(ii) WITH THE ENTRY OF ITS VARIOUS MAGISTRATE'S ORDERS; AND, WHEN IT FAILED TO ENTER ANY CIV.R. 58(B) NOTICE AT ANY POINT IN THE CASE BELOW.

{¶10} Ms. Meier next argues that the trial court lacked jurisdiction over this case under Section 2151.23(A)(2) and Section 3127.18(A). Section 2151.23(A)(2) provides that a juvenile court has exclusive original jurisdiction "to determine the custody of any child not a ward of another court of this state[.]" Section 3127.18(A) provides circumstances under which a "court

of this state has temporary emergency jurisdiction" over a child. Ms. Meier appears to be challenging the juvenile court's original jurisdiction over this action as well as its jurisdiction to decide the emergency motion for custody that Mr. Wilson filed after she took T.D. to Texas.

{¶11} To the extent that Ms. Meier is challenging the juvenile court's initial jurisdiction over this action, we have already concluded that she forfeited this argument. *See Morris*, 9th Dist. Medina No. 14CA0043-M, 2015-Ohio-4523, at ¶ 24. To the extent that she is challenging the court's jurisdiction over Mr. Wilson's emergency motion, we previously noted that the court retained continuing jurisdiction to modify its orders, including its custody designation under Section 3111.13(C). *See* R.C. 3111.16.

{¶12} Ms. Meier also argues that the juvenile court lacked jurisdiction under Section 3127.16 because the domestic relations court that decided her divorce action had already entered a custody determination regarding T.D. That section provides:

> Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state that has made a child custody determination consistent with section 3127.15 or 3127.17 of the Revised Code has exclusive, continuing jurisdiction over the determination until the court or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

R.C. 3127.16. The trial court rejected Ms. Meier's argument because the record did not contain a copy of the custody order allegedly entered in her divorce action. The court also determined that, even if the divorce decree disestablished Mr. Brick's paternity of T.D., it would not constitute a "child custody determination" for purposes of Section 3127.16. In her brief, Ms. Meier has not identified any place in the record where there is a copy of the alleged "child custody determination" by the divorce court. We, therefore, cannot say that the trial court erred when it determined that it did not lack jurisdiction under Section 3127.16.

**{¶13}** Ms. Meier also argues that the juvenile court could not consider Mr. Wilson's contempt motion because she was immune under Section 3127.08(A), because he failed to properly serve her, because his motion was not specific enough, because she was denied counsel, and because she was not given an opportunity to be heard on the motion. This Court need not address her arguments, however, because she has failed to properly develop an argument in support of them. *C.L. v. J.K.*, 9th Dist. Summit No. 28297, 2017-Ohio-1024, ¶ 3. Specifically, her merit brief "contains no application of the relevant law to the facts presented, nor any cogent analysis of the pertinent issues." *Id*. at ¶ 5; *see* App.R. 16(A)(7) (providing that an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.").

**{¶14}** Ms. Meier also attempts to incorporate into her brief the arguments she made with respect to a petition for writ of mandamus and petition for writ of habeas corpus that this Court previously denied as well as the arguments she made in her objections to the magistrate's decision. Parties, however, cannot simply incorporate arguments by reference to other documents. *See Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. Summit No. 28069, 2016-Ohio-7090, ¶ 14, fn.1. Ms. Meier's third assignment of error is overruled.

III.

**{¶15}** Ms. Meier's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

TARA N. MEIER, pro se Appellant.

MARK J. BUIE, Attorney at Law, for Appellee.