[Cite as *State ex rel. C.W. v. Boros*, 2019-Ohio-4388.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO EX REL. C.W.

    Relator

    v.

HONORABLE DEBRA L. BOROS

    Respondent

C.A. No.    18CA0112-M

ORIGINAL ACTION IN
PROHIBITION

Dated: October 28, 2019

---

PER CURIAM.

{¶1} Relator, C.W., filed a petition for a writ of prohibition to prevent respondent, Judge Debra Boros, from exercising jurisdiction in a parentage action pending before her. Judge Boros moved to dismiss and C.W. responded. For the following reasons, we grant the motion to dismiss.

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle her to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we begin with the facts alleged in the complaint.

## Facts Alleged in the Complaint

{¶3}   According to the complaint, C.W. is the mother of M.M.  They live together in Cuyahoga County with B.M., C.W.'s fiancé.  Within days of M.M.'s birth, B.M. executed an acknowledgement of paternity.  That acknowledgement was filed in the Central Paternity Registry.

{¶4}   In early 2016, L.T., a Medina County resident, filed a paternity action in the Cuyahoga County Juvenile Court.  During the course of the Cuyahoga County case, the Cuyahoga County Office of Child Support Services moved to dismiss.  It argued that B.M. had filed a final, enforceable, acknowledgement of paternity.  A magistrate held a hearing and prepared a Magistrate's Decision.  Upon review of the Magistrate's Decision, the Juvenile Court dismissed the complaint without prejudice.  The order noted that no request or action to rescind the acknowledgement had been filed pursuant to R.C. 3111.27 or 3111.28.

{¶5}   After the dismissal, L.T. applied to the Cuyahoga County Office of Child Support Services for an administrative paternity determination.  That request was denied because of the previously filed acknowledgment.

{¶6}   L.T. then filed a similar request for an administrative paternity determination with the Medina County Child Support Enforcement Agency.  That application was also denied.

{¶7}   At the end of 2016, L.T. filed a parentage action in the Medina County Court of Common Pleas.  In his complaint, he alleged that he had complied with the statutory requirements to seek an administrative determination before filing the paternity

action.  C.W. moved to dismiss in which she challenged, among other things, the jurisdiction of the court.  L.T. responded in opposition.

{¶8}  A magistrate ordered additional briefing before filing a Magistrate's Decision that granted C.W.'s motion to dismiss.  L.T. filed objections to the Magistrate's Decision.  Judge Mary Kovack heard arguments on the objections.  Judge Kovack sustained the objections and ordered the magistrate to consider L.T.'s complaint.

{¶9}  C.W. moved Judge Kovack to recuse herself based on her concerns about Judge Kovack's order.  After Judge Kovack denied the motion, the complaint alleges that C.W. sought disqualification of Judge Kovack.  Judge Kovack then recused herself from further participation in the case and Judge Debra Boros was assigned to preside over the matter.

{¶10} Following her assignment, Judge Boros held a pretrial.  She ordered additional briefing and set a schedule for hearing L.T.'s complaint.  C.W. moved Judge Boros to reconsider Judge Kovack's ruling on the motion to dismiss.  L.T. responded in opposition.  Judge Boros denied the motion to reconsider and ordered the case to proceed.

{¶11}  Before turning to the applicable statutes, it will be helpful to summarize the pertinent, undisputed, facts.  It is undisputed that C.W. and M.M., the mother and child, are residents of Cuyahoga County, that B.M. acknowledged paternity, and that L.T., a resident of Medina County, filed the parentage action underlying this complaint seeking a writ of prohibition.  With those undisputed facts in mind, we consider the relevant statutes.

**Statutory Scheme for Parentage**

**{¶12}** R.C. 3111.02 establishes the parent child relationship for mothers and fathers with a child. R.C. 3111.03 establishes presumptions of paternity, none of which apply because C.W. and B.M, and C.W. and L.T., were not married, about to be married, or married within the specified time. R.C. 3111.04(A)(1) authorizes a man alleging himself to be a child's father, as L.T. has done here, to bring a paternity action. That action, in general, may be brought in the common pleas court division in the county in which the child, the child's mother, or the alleged father, resides or is found. R.C. 3111.06(A). This procedure is subject to additional requirements, as noted below.

**{¶13}** The statutory scheme for parentage also provides for an acknowledgement of paternity. An acknowledgement becomes "final and enforceable" when it has been filed with the office of child support, the information has been entered in the birth registry, and the acknowledgement has not been rescinded and is not subject to possible rescission pursuant to R.C. 3111.27. R.C. 3111.25. Once the acknowledgment becomes final and enforceable, the child is the child of the man who signed the acknowledgement. R.C. 3111.26.

**{¶14}** As noted, an acknowledgment of paternity can be rescinded. R.C. 3111.27. One of the people who signed it must request a determination of whether there is a parent and child relationship between the man who signed the acknowledgment and the child, and provide notice to the office of child support of having made the request. R.C. 3111.27(A)(1). An action to rescind can also be filed after the acknowledgment becomes final. R.C. 3111.28. A man presumed to be the father pursuant to R.C. 3111.03, who did

not sign the acknowledgement, may bring an action to rescind on the basis of fraud, duress, or material mistake of fact; this action can also be filed by either person who signed the acknowledgment or a guardian of the child.  R.C. 3111.28.

{¶15}  A man who alleges he is the father of a child, as described in R.C. 3111.04, may request the child support enforcement agency of the county in which a child resides to determine the existence or nonexistence of a parent and child relationship.  R.C. 3111.38.  With limited exceptions, the statutory framework requires an alleged father to first request an administrative determination of parentage pursuant to R.C. 3111.38 before filing a parentage action pursuant to R.C. 3111.01 to 3111.18.  One exception to this requirement allows an alleged father to file the action in the county in which the child resides without first seeking an administrative determination.  R.C. 3111.381(C).

### Requirements for Writ of Prohibition

{¶16}  Generally, for this Court to issue a writ of prohibition, C.W. must establish that:  (1) Judge Boros is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists.  *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997).  C.W.'s petition alleges that Judge Boros is about to exercise judicial power, by proceeding to hear the parentage action, and that the exercise of that power is unauthorized by law.  She has also alleged that the lack of jurisdiction is patent and unambiguous.  In cases of a patent and unambiguous lack of jurisdiction, the requirement of a lack of an adequate remedy at law need not be proven because the

availability of alternate remedies would be immaterial. *State ex rel. Goldberg v. Mahoning Cty. Probate Court*, 93 Ohio St.3d 160, 162 (2001).

{¶17} "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). A writ of prohibition "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988).

{¶18} As noted above, when this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Seikbert* at 490. A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle her to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7.

{¶19} Viewing the allegations of the complaint in the light required by Civ.R. 12(B)(6), C.W.'s complaint does not state a claim for prohibition upon which relief can be granted. Unless a trial court patently and unambiguously lacks jurisdiction, a court having general jurisdiction of the subject matter has the authority to determine its own jurisdiction to hear a cause, and the party challenging the court's jurisdiction has an adequate remedy through an appeal. *Brooks v. Gaul*, 89 Ohio St.3d 202, 203 (2000).

{¶20} The complaint acknowledges that Judge Boros and the Medina County Court of Common Pleas, Domestic Relations Division, have jurisdiction over parentage actions. "But even when a statute grants a court jurisdiction, a writ of prohibition can still

be proper when a more specific statute 'patently and unambiguously divests a court of its basic statutory jurisdiction to proceed in a matter.'" *Fradette v. Gold*, 157 Ohio St.3d 13, 2019-Ohio-1959, ¶ 9, quoting *State ex rel. Kaylor v. Bruening*, 80 Ohio St.3d 142, 145 (1997). The complaint alleges that L.T. improperly invoked that jurisdiction through the method he used to file the underlying action. Specifically, C.W. alleges that the operation of R.C. 3111.06, 3111.38. and 3111.381, taken together, patently and unambiguously divest Judge Boros and the Medina County Domestic Relations Court of jurisdiction in L.T.'s parentage action because C.W. and M.M. resided in Cuyahoga County when L.T. filed his complaint in Medina County. "In other words, if a more specific 'statute patently and unambiguously divests a court of its basic statutory jurisdiction to proceed in a matter, a writ of prohibition is appropriate.'" *State ex rel. Novak , L.L.P. v. Ambrose*, 156 Ohio St.3d 425, 2019-Ohio-1329, ¶ 13, quoting *State ex rel. Kaylor v. Bruening*, 80 Ohio St.3d 142, 145 (1997).

{¶21} C.W. asserted in her complaint that L.T. could bring a parentage action in the county in which he resided, subject to the requirements of R.C. 3111.381. That section provides that either (1) before a party may file a parentage action, the party must first seek an administrative parentage determination, pursuant to R.C. 3111.38, or (2) the party must file the action in the county in which the child resides. R.C. 3111.381(A) and (C).

{¶22} The complaint continues that L.T. was a Medina County resident and C.W. and her child were Cuyahoga County residents. According to the complaint, L.T. properly filed a request for an administrative determination in Cuyahoga County because that was the county where the child lived. L.T. then improperly filed a request for

administrative determination in Medina County and then filed the parentage action in Medina County. C.W. concludes, therefore, that because the administrative request was improper in Medina County, L.T. could not file a parentage action in the Medina County Domestic Relations Court.

{¶23} These statutory provisions provide for various options for an alleged father to follow to file a parentage action. The alleged father could file in the county where the child resides, without first seeking an administrative determination. R.C. 3111.381(C). The alleged father could also file in the county where he resides, if he first requests an administrative determination under R.C. 3111.38. R.C. 3111.381(A) and R.C. 3111.06(A) (a parentage action may be brought in the court "of the county in which the child, the child's mother, or the alleged father resides or is found * * *."). According to the complaint, L.T. sought an administrative parentage determination before filing the underlying action in the Medina County Domestic Relations Court.

{¶24} The complaint mentions that the trial court in the underlying matter improperly applied *Morris v. Mottern*, 9th Dist. Medina No. 14CA0043-M, 2015-Ohio-4523, in concluding "that because L.T. first filed an administrative application, the Medina County court has jurisdiction over the parentage action." In *Morris*, we recognized that there were two paths for a putative father: file in the county where the child resides without first seeking an administrative determination or seek an administrative determination first and then file a parentage action. *Id.* at ¶ 14.

{¶25} In deciding *Morris*, this Court addressed the question that is central in the case before us: the subject-matter jurisdiction of the trial court. We recognized that

"jurisdiction" is a word of many meanings. *Id.* at ¶ 22. The three broad categories include subject-matter jurisdiction, personal jurisdiction, and jurisdiction over a particular case. *Id.* We concluded that "The requirement of R.C. 3111.381 that the action be filed in the county of the child's residence is another example of a statutory constraint on the court's authority to exercise its subject-matter jurisdiction." *Id.* at ¶ 23. In this last category, "alleged errors in the trial court's exercise of its jurisdiction may be forfeited * * *." *Id.* at ¶ 24.

{¶26} We applied *Morris* in *In re T.D.*, 9th Dist. Wayne No. 16AP0035, 2018-Ohio-204, ¶ 5. In that case, we considered a mother's challenge to an alleged father's efforts to establish paternity. She argued that the alleged father failed to follow the requirements of R.C. 3111.381, much like C.W. has alleged in this case. In *T.D.*, we concluded that the mother's argument about the alleged father's failure to comply with the statutory requirements "involves the juvenile court's jurisdiction over a particular case, not its subject-matter jurisdiction." *In re T.D.* at ¶ 5. We concluded that this lack of jurisdiction was not a lack of subject-matter jurisdiction. *Id.*

{¶27} *Morris* and *T.D.* lead us to conclude that the trial court engaged in the exercise of its jurisdiction, not that it lacked subject-matter jurisdiction to act entirely. Judge Boros has general jurisdiction over this kind of case and, accordingly, she has the authority to determine her jurisdiction. Because Judge Boros and the Medina County Domestic Relations Court possessed subject-matter jurisdiction in the underlying case, any error in Judge Boros' exercise of that jurisdiction merely renders the judgment

voidable. Appeal provides an adequate remedy for C.W. if she disagrees with Judge Boros' decision.

## Conclusion

{¶28} Considering the allegations in the complaint as true, we must conclude that Judge Boros does not patently and unambiguously lack jurisdiction. Because C.W. cannot prevail on the facts she alleged, the petition is dismissed. Costs of this action are taxed to Relator. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

SCOTT M. DELIMAN, Attorney at Law, for Relator.

S. FORREST THOMPSON, Prosecuting Attorney, and TOM J. KARRIS and BRIAN M. RICHTER, Assistant Prosecuting Attorneys, for Respondent.