[Cite as *Akron v. Stone*, 2025-Ohio-1996.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| CITY OF AKRON | C.A. No.     31286 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID C. STONE | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     24 CRB 3523 |

DECISION AND JOURNAL ENTRY

Dated: June 4, 2025

FLAGG LANZINGER, Presiding Judge.

**{¶1}** David Stone appeals from the judgment of the Akron Municipal Court. For the following reasons, this Court affirms.

I.

**{¶2}** A complaint filed in the Akron Municipal Court charged Stone with one count of aggravated menacing in violation of R.C. 2903.21 and one count of assault in violation of R.C. 2903.13. According to the narrative portion of the complaint, Stone "knowingly cause[d] physical harm to another person by throwing two punches that struck the other person in the face and head area. [Stone] [a]lso threaten[ed] someone with a firearm threatening to kill them." The record indicates the police seized a firearm from Stone related to this incident.

**{¶3}** Stone initially pleaded not guilty. The State and Stone later reached a plea agreement whereby the State agreed to reduce the charge of assault to a charge of disorderly

conduct. The State also agreed to dismiss the charge of aggravated menacing. In exchange, Stone agreed to plead no contest.

{¶4} A magistrate held a change-of-plea hearing. At the start of the hearing, the prosecutor stated:

> [i]t's my understanding, after speaking with defense counsel, [Stone is] going to be entering a plea to that amended count of Disorderly Conduct with the other count being merged and dismissed. We'd ask that you follow the Rule 11 negotiations, which are . . . a fine, cost, completion of an anger management course, whether in person or online, and, then, it's my understanding we're going to be setting a Return of Property hearing for the firearm that was taken in this case.

Defense counsel agreed that the foregoing was "the sum and substance of [their] plea negotiations in this case." Defense counsel then indicated that Stone was "prepared to enter a no contest plea, would waive any presentation of facts, and stipulate to the Court's finding of guilty in this case." The magistrate confirmed with Stone that this was his understanding of the plea agreement.

{¶5} After engaging in a colloquy with the magistrate, Stone pleaded no contest. The magistrate accepted Stone's plea, found him guilty, and indicated that it would "follow the Rule 11 Plea Agreement reached between your attorney and the prosecutor . . . ." According to the written plea form Stone signed, the parties agreed that the court would "set [a] forfeiture hearing for [the] weapon[.]"

{¶6} A few weeks later, a magistrate held a hearing regarding the seized firearm. The State argued the firearm should be forfeited under R.C. 2981.02 because it was an "[i]nstrumentality" of the offense as defined under R.C. 2981.01(B)(6) (i.e., it was used or intended to be used in the commission of the offense). The State explained its position as follows:

> Our contention is that the [firearm] . . . was intended to be used in the commission of the offense of the aggravated menacing. Had this case gone to trial, prosecution witness [sic] would have testified that [Stone] threatened to shoot the alleged victim with the stated firearm and, therefore, . . . the State's position is that the firearm was lawfully seized and should not be returned.

{¶7}     In response, defense counsel argued that the firearm was not an instrumentality because it had no nexus to the underlying incident.  Defense counsel explained that the incident involved an argument after a rear-end collision between Stone and another man.  Defense counsel acknowledged that Stone threatened to shoot the man.  Notwithstanding, defense counsel asserted that "the firearm was in a bag, under a passenger seat and never was brandished or even known to the victim until the . . . police . . . searched the vehicle and found it in a bag in a compartment under the passenger seat."  Defense counsel argued that "[t]here [wa]s nothing to connect that firearm with this other than [Stone] said he would quote, 'shoot the victim[.]'"

{¶8}     In support of his argument, defense counsel cited a police report, a copy of which does not appear in the record before this Court on appeal.  According to defense counsel, the report stated:

> During a search of Mr. Stone's truck a black Smith & Wesson M&P nine millimeter shield was loaded with one in the chamber as well as an additional magazine located in the passenger seat inside a red bag.

Defense counsel concluded that Stone's firearm should be returned to him because there was no indication that the alleged victim saw the firearm or that Stone handled it during the altercation.

{¶9}     The magistrate took the matter under advisement and issued a decision several days later captioned: "Ruling on Forfeiture Hearing[.]"  In its decision, the magistrate noted that the "matter [wa]s before the Court upon an agreed forfeiture hearing . . . involving a firearm."  The magistrate determined that the firearm was both an instrumentality and contraband under R.C. 2981.02 and, therefore, subject to forfeiture.  The magistrate explained that Stone was originally charged with assault and aggravated menacing because he punched the alleged victim in the face and threatened to kill him.  The magistrate also explained that "Stone had a firearm on him at the time, or readily available to him, and thus, the firearm [wa]s an instrumentality that was used or

intended to be used in the commission or facilitation of an aggravated menacing." The magistrate then noted that Stone pleaded to a lesser offense and that a plea of no contest is a complete admission of the facts alleged in the complaint. The magistrate concluded that Stone's "admission to the facts alleged in the complaint [wa]s sufficient for the trier of fact to determine that the firearm [wa]s illegal to possess by reason of its involvement in a menacing offense." Thus, the magistrate found "that the firearm was contraband and properly seized[,]" and ordered the firearm to be forfeited and destroyed.

{¶10} Stone filed timely objections to the magistrate's decision. In his objections, Stone argued that the magistrate erred in ordering him to forfeit his firearm because: (1) the firearm was not an instrumentality because he did not hold or use it during the incident; (2) the complaint did not contain a forfeiture specification; and (3) neither disorderly conduct nor the originally charged offenses (i.e., assault and aggravated menacing) authorize forfeiture.

{¶11} The trial court overruled Stone's objections. At the outset, the trial court noted that Stone pleaded no contest pursuant to a plea agreement whereby the State agreed to dismiss the aggravated menacing charge and reduce the assault charge to disorderly conduct. The trial court noted that Stone "waived the presentation of facts and stipulated to a finding of guilt." The trial court also noted that "[a]s part of his plea agreement, [Stone] also agreed to this Court holding a forfeiture hearing and making the determination whether the firearm could be forfeited."

{¶12} The trial court determined that Stone's argument regarding the lack of a forfeiture specification in the complaint lacked merit. The trial court noted that Stone did not raise this issue before the magistrate. The trial court explained that, even if Stone had raised this argument, it would have been rejected because Stone agreed to the forfeiture hearing as part of his plea agreement with the State.

{¶13} Next, the trial court determined that the firearm was contraband under R.C. 2981.02 and, therefore, subject to forfeiture. In support of its conclusion, the trial court cited defense counsel's reliance on the police report during the hearing before the magistrate. Specifically, the trial court cited the following language:

> During a search of Mr. Stone's truck a black Smith & Wesson M&P nine millimeter shield was loaded with one in the chamber as well as an additional magazine located in the passenger seat inside a red bag.

The trial court also cited R.C. 2923.16, which governs improperly handling firearms in a motor vehicle. The trial court explained that the firearm was contraband "because it is illegal to possess a loaded firearm in a motor vehicle, and because of the firearm's involvement in illegal activities in this case . . . ." The trial court then noted that "[e]ven if the Magistrate erred, [it] [wa]s not convinced that Mr. Stone carried his firearm in compliance with the weapons laws of this State, because he did not place the firearm and the ammunition in separate parts of the vehicle." Thus, the trial court overruled Stone's objections and ordered the firearm to be forfeited and destroyed.

{¶14} Stone now appeals the trial court's judgment, raising three assignments of error for this Court's review.

ASSIGNMENT OF ERROR I

THE TRIAL COURT HAD NO AUTHORITY TO ORDER FORFEITURE.

{¶15} In his first assignment of error, Stone argues that the trial court lacked subject matter jurisdiction to order forfeiture of his firearm because the complaint did not contain a forfeiture specification. For the following reasons, this Court disagrees.

{¶16} "The Ohio Supreme Court has explained that '[t]he general term 'jurisdiction' can be used to connote several distinct concepts, including jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over a particular case." (Alteration in original.) *In re*

*T.D.*, 2018-Ohio-204, ¶ 5 (9th Dist.), quoting *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 18. "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases" and "is determined without regard to the rights of the individual parties involved in a particular case." *In re T.D.* at ¶ 5, quoting *Kuchta* at ¶ 19. "A court's jurisdiction over a particular case on the other hand 'refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction.'" *In re T.D.* at ¶ 5, quoting *Kuchta* at ¶ 19.

{¶17} "Unlike lack of subject-matter jurisdiction, lack of jurisdiction over a particular case only renders a judgment voidable." *In re T.D.* at ¶ 5. In other words, if a trial court has subject matter jurisdiction over a case, then the trial court has the authority to determine its jurisdiction. *State v. Boros*, 2019-Ohio-4388, ¶ 27 (9th Dist.) (holding that if a trial court "has general jurisdiction over [a] case[,]" then the trial court "has the authority to determine [its] jurisdiction."). Any error in a trial court's exercise of its jurisdiction renders the judgment voidable, which a party can raise as error on appeal. *Id.*

{¶18} Stone has not argued that the trial court lacked subject matter jurisdiction to adjudicate the underlying misdemeanor case. *See* R.C. 1901.20(A)(1) ("[t]he municipal court has jurisdiction to hear misdemeanor cases committed within its territory . . . ."). Rather, he argues that it lacked jurisdiction to order forfeiture of his firearm. According to Stone, if a forfeiture specification is not contained within a complaint or a bill of particulars, then a trial court has no jurisdiction to order forfeiture.

{¶19} Stone's argument lacks merit. While captioned as a challenge to the trial court's subject matter jurisdiction, Stone's argument challenges the trial court's *exercise* of its jurisdiction. *See Boros* at ¶ 26-27. According to the written plea form Stone signed, the parties agreed that the court would "set [a] forfeiture hearing for [the] weapon[.]" This Court has held that, if the parties

agree to the forfeiture of property as part of a plea agreement, then "adherence to statutory forfeiture procedure is unnecessary." *State v. Hensley*, 2004-Ohio-2664, ¶ 7 (9th Dist.).

{¶20} Here, Stone did not agree to forfeit his firearm; he agreed to a forfeiture hearing. But this is a distinction without a difference. Stone agreed that the trial court would adjudicate whether the firearm should be returned to him. The lack of a forfeiture specification in the complaint or bill of particulars did not deprive the trial court of jurisdiction over a forfeiture hearing that the parties agreed upon as part of a plea agreement. *See id.* at ¶ 3-4, 8, *State v. Fogel*, 2004-Ohio-6268, ¶ 2-3, 8-9 (9th Dist.); *see also In re T.D.*, 2018-Ohio-204, at ¶ 5. While a defendant can challenge a trial court's exercise of its jurisdiction over forfeiture proceedings, a trial court has subject matter jurisdiction over those proceedings. *See Boros*, 2019-Ohio-4388, at ¶ 26-27. Accordingly, Stone's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

ALTERNATIVELY, THE TRIAL COURT'S ORDER VIOLATES STONE'S DUE PROCESS RIGHTS.

{¶21} In his second assignment of error, Stone argues that the trial court's order violated his right to due process. This Court disagrees.

{¶22} "Due process under the Ohio and United States Constitutions demands that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner where the state seeks to infringe a protected liberty or property interest." *State v. Hochhausler*, 76 Ohio St.3d 455, 459 (1996), citing *Greene v. Lindsey*, 456 U.S. 444 (1982). As the Ohio Supreme Court has acknowledged, "the concept of due process is flexible and varies depending on the importance attached to the interest and the particular circumstances under which the deprivation may occur." *Hochhausler* at 459; *Bradley v. Niro*, 2015-Ohio-1921, ¶ 20 (9th Dist.) (same).

{¶23} Stone argues that the trial court deprived him of due process when it determined that his firearm was contraband because it is illegal to possess a loaded firearm in a motor vehicle. In reaching this conclusion, the trial court cited R.C. 2923.16, i.e., the statute governing improperly handling firearms in a motor vehicle. Stone argues that he was not charged under this statute, that the State never raised it at the forfeiture hearing, and that the magistrate's decision did not mention it. As a result, Stone argues that he had no notice or opportunity to defend himself against the trial court's determination that his firearm was contraband because it is illegal to possess a loaded firearm in a motor vehicle.

{¶24} Stone's argument lacks merit. In essence, Stone argues that the trial court's ruling deprived him of due process because he did not anticipate the trial court's reasoning for determining that the firearm was contraband. As noted, the magistrate found that the firearm was both an instrumentality of the offense and contraband. Stone acknowledged these findings in his objections to the magistrate's decision. Notwithstanding, Stone did not set forth an argument challenging the magistrate's finding that the firearm was contraband. Instead, Stone focused his argument on his contention that the firearm was not an instrumentality of the offense. The trial court then overruled Stone's objections and found that the firearm was contraband.

{¶25} The foregoing establishes that Stone had notice and an opportunity to be heard as to whether his firearm was contraband. Stone's failure to anticipate the trial court's reasoning in this regard did not deprive him of due process. Stone's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

IN THE SECOND ALTERNATIVE, THE RECORD CONTAINS INSUFFICIENT EVIDENCE THAT THE GUN IS PROPERTY SUBJECT TO FORFEITURE UNDER R.C. 2981.02.

{¶26} In his third assignment of error, Stone argues that the State failed to prove that forfeiture of his firearm was warranted under R.C. 2981.02. This Court disagrees.

{¶27} "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *State v. Crawford*, 2021-Ohio-1686, ¶ 6 (9th Dist.), quoting *In re L.M.W.*, 2020-Ohio-6856, ¶ 9 (9th Dist.). "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.).

{¶28} Initially, this Court notes that a criminal defendant seeking the return of property seized by law enforcement can pursue a civil action for replevin or file a motion for the return of property. *State v. Castagnola*, 2020-Ohio-1096, ¶ 15-16. Here, Stone agreed to a forfeiture hearing as part of his plea agreement with the State.

{¶29} "The Revised Code provides for the forfeiture of three distinct categories of property: contraband, proceeds, and instrumentalities that are 'used in or intended to be used in the commission of [certain designated offenses] * * *.'" (Alterations in original.). *State v. Bracy*, 2018-Ohio-1977, ¶ 8 (9th Dist.), quoting R.C. 2981.02(A)(1)(a)-(c). "'Contraband' means any property that is illegal for a person to acquire or possess under a statute, ordinance, or rule, or that a trier of fact lawfully determines to be illegal to possess by reason of the property's involvement in an offense." R.C. 2901.01(A)(13). "'Instrumentality' means property otherwise lawful to possess that is used in or intended to be used in an offense." R.C. 2981.01(B)(6).

{¶30} The State argued below that the firearm was an instrumentality because Stone intended to use it during the commission of the offense of aggravated menacing. Stone argued that it was not an instrumentality because there was no nexus between the firearm and the offense. The magistrate held that the firearm was both an instrumentality of the offense and contraband.

**{¶31}** In his objections to the magistrate's decision, Stone acknowledged that the magistrate found that the firearm was both an instrumentality and contraband but did not set forth an argument challenging the magistrate's finding that the firearm was contraband. Instead, Stone focused his argument on his contention that the firearm was not an instrumentality of the offense. Stone acknowledges this on appeal, asserting that he objected to the magistrate's decision "on two grounds[,]" that is, based upon: (1) the trial court's alleged lack of authority to order forfeiture; and (2) "that simply having the gun in his car during the offense but never actually using it failed to satisfy the 'instrumentality' test under R.C. 2981.02(A)(2)."

**{¶32}** The trial court overruled Stone's objections and found that the firearm was contraband. The trial court explained that the firearm was contraband "because it is illegal to possess a loaded firearm in a motor vehicle, *and because of the firearm's involvement in illegal activities in this case . . . .*" (Emphasis added.) The trial court then noted that "[e]ven if the Magistrate erred, [it] [wa]s not convinced that Mr. Stone carried his firearm in compliance with the weapons laws of this State, because he did not place the firearm and the ammunition in separate parts of the vehicle." Thus, the trial court overruled Stone's objections and ordered the firearm to be forfeited and destroyed. Stone's failure to challenge the magistrate's finding that the firearm was contraband precludes him from doing so for the first time on appeal. *See State v. Masalko*, 2015-Ohio-5179, ¶ 4 (9th Dist.), citing Crim.R. 19(D)(3)(b).

**{¶33}** While Stone does argue that the firearm was not involved in this case, he does so in the context of his instrumentality argument. Even so, his argument ignores the implications of his no contest plea. Under Crim.R. 11(B), a "plea of no contest . . . is an admission of the truth of the facts alleged in the indictment, information, or complaint . . . ." According to the narrative portion of the complaint, Stone "knowingly cause[d] physical harm to another person by throwing

two punches that struck the other person in the face and head area. [Stone] [a]lso threaten[ed] someone with a firearm threatening to kill them." Thus, Stone admitted that he threatened to kill someone with his firearm. Under the facts and procedural posture of this case, Stone has not established that the trial court erred by adopting the decision of the magistrate and ordering the forfeiture of his firearm. Stone's third assignment of error is overruled.

## III.

**{¶34}** Stone's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.


<u>APPEARANCES</u>:

JOSEPH SHELL, Attorney at Law, for Appellant.

DEBORAH S. MATZ, Director of Law, and JACQUENETTE S. CORGAN and KIRSTEN L. SMITH, Assistant Directors of Law, for Appellee.