NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1329

THE STATE EX REL. NOVAK, L.L.P., ET AL., APPELLANTS, *v.* AMBROSE, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Novak, L.L.P. v.  Ambrose,* Slip Opinion No. 2019-Ohio-1329.]

*Prohibition—Appellants failed to show that judge's exercise of judicial power over breach-of-contract case against appellants is unauthorized by law—Court of appeals' denial of writ affirmed.*

(No. 2018-1054—Submitted January 29, 2019—Decided April 11, 2019.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 107028, 2018-Ohio-2951.

_____

**Per Curiam.**

{¶ 1} The Eighth District Court of Appeals denied a writ of prohibition against appellee, Cuyahoga County Court of Common Pleas Judge Dick Ambrose, holding that he has jurisdiction over a breach-of-contract case against appellants,

the law firm Novak, L.L.P., f.k.a. Novak, Pavlik & Deliberato, L.L.P., and its then named partners, William J. Novak, Thomas C. Pavlik, and Matthew D. Deliberato (collectively, "Novak"). We affirm the denial of the requested writ of prohibition.

**Factual Background**

{¶ 2} In August 2016, Professional Solutions Insurance Company ("PSIC") sued Novak for the deductible due under a malpractice-insurance policy. *Professional Solutions Ins. Co. v. Novak, L.L.P.*, Cuyahoga C.P. No. CV-16-867801.

{¶ 3} The named partners moved for partial judgment on the pleadings, contending that they are not individually liable for the debts of the partnership under R.C. Chapter 1776, the Uniform Partnership Act. Judge Ambrose denied the motion and allowed the case to proceed with the partners as named defendants. He held that although the partners "are not personally liable for the obligations of the partnership," they "can still be liable in terms of their ownership interest in the partnership," which is enough to give the court jurisdiction over them.

{¶ 4} On March 1, 2018, a jury concluded that Novak breached the insurance contract by failing to pay the deductible and awarded PSIC $113,379, which included reimbursement for the deductible and outside expenses.

{¶ 5} On April 9, 2018, Novak filed a complaint for a writ of prohibition and sought an emergency stay from the Eighth District Court of Appeals, arguing that Judge Ambrose had exceeded his statutory authority by permitting the trial to go forward against the named partners.[1]

{¶ 6} The court of appeals granted summary judgment to Judge Ambrose on July 25, 2018. The court held that the partners were likely insureds in the

---

1. Although Novak maintains that the only issue in this case is whether Judge Ambrose has jurisdiction over the three named partners, the law firm is also a party to the prohibition action and seeks to "void the entire judgment."

underlying case and that therefore, Judge Ambrose properly exercised jurisdiction over them.  The court also held that the partners had an adequate remedy at law by appeal, rejecting Novak's contention that it could not appeal because no final order relating to the partners had been issued.

{¶ 7} Novak has appealed and requested oral argument.

### Legal Analysis

{¶ 8} We review an order granting summary judgment under Civ.R. 56(C) de novo.  *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24.  Summary judgment is appropriate when "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law."  Civ.R. 56(C).

{¶ 9} Prohibition is "an extraordinary writ and [this court does] not grant it routinely or easily."  *State ex rel. Barclays Bank, P.L.C. v. Hamilton Cty. Court of Common Pleas*, 74 Ohio St.3d 536, 540, 660 N.E.2d 458 (1996).  To be entitled to the requested writ of prohibition, Novak must show that (1) Judge Ambrose is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law.  *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13.

{¶ 10} The parties do not dispute that Judge Ambrose has exercised judicial power and will continue to do so as the judge presiding over the underlying litigation.  Instead, they dispute whether Judge Ambrose has subject-matter jurisdiction.  A court's subject-matter jurisdiction "connotes the power to hear and decide a case upon its merits."  *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus.

{¶ 11} Article IV, Section 4(B) of the Ohio Constitution provides that the courts of common pleas "shall have such original jurisdiction over all justiciable matters * * * as may be provided by law."  The common pleas courts have general

original subject-matter jurisdiction over civil actions, including breach-of-contract actions. R.C. 2305.01; *State ex rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 447, 449, 727 N.E.2d 900 (2000). Generally, "a court will deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of jurisdiction." *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, ¶ 24.

{¶ 12} We find unavailing Novak's contention that Judge Ambrose lacks subject-matter jurisdiction with respect to an action against the partners because there is no justiciable controversy against them. Justiciability does not necessarily affect a court's general subject-matter jurisdiction. For example, we have held that although standing is necessary for justiciability, a lack of standing does not affect a court's subject-matter jurisdiction. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, paragraph three of the syllabus. If a court possesses general subject-matter jurisdiction, any error in its exercise of jurisdiction in a particular case may be appealed. *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, paragraph one of the syllabus.

{¶ 13} "A writ of prohibition *is* proper even when the respondent judge has general jurisdiction when the judge has taken an action that exceeds the bounds of the court's statutory authority." (Emphasis sic.) *Sponaugle* at ¶ 25. In other words, if a more specific "statute patently and unambiguously divests a court of its basic statutory jurisdiction to proceed in a matter, a writ of prohibition is appropriate." *State ex rel. Kaylor v. Bruening*, 80 Ohio St.3d 142, 145, 684 N.E.2d 1228 (1997).

4

**{¶ 14}** Novak contends that this is such a case because R.C. Chapter 1776, the Uniform Partnership Act, divests the trial court of jurisdiction over PSIC's action.[2] R.C. 1776.36 provides:

(A) Except as otherwise provided in divisions (B) and (C) of this section, all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law.

* * *

(C) An obligation of a partnership incurred while the partnership is a limited liability partnership, whether arising in contract, tort, or otherwise, *is solely the obligation of the partnership. A partner is not personally liable, directly or indirectly, by way of contribution or otherwise, for such an obligation solely by reason of being or acting as a partner.*

(Emphasis added.) R.C. 1776.37 governs actions by and against partners:

(A) A partnership may sue and be sued in the name of the partnership.

(B) An action may be brought against the partnership and, to the extent not inconsistent with section 1776.36 of the Revised Code, any or all of the partners in the same action or in separate actions.

---

2. The former Uniform Partnership Law (R.C. Chapter 1775) was repealed effective January 1, 2010. 2008 Sub.H.B. No. 332, Section 3. The current Uniform Partnership Act (R.C. Chapter 1776) became effective and governs all partnerships as of January 1, 2010. R.C. 1776.95(B).

(C) A judgment against a partnership is not by itself a judgment against a partner. A judgment against a partnership may not be satisfied from a partner's assets unless there is also a judgment against the partner.

{¶ 15} But Novak cannot show that R.C. 1776.36 and 1776.37 patently and unambiguously divest Judge Ambrose of his general statutory authority to hear the underlying case. We grant writs of prohibition only when the General Assembly clearly intended to limit the statutory authority of a court. *See State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas*, 60 Ohio St.3d 78, 80, 573 N.E.2d 606 (1991) (affirming grant of writ of prohibition because under R.C. 2743.02(F), only Court of Claims could determine whether a state employee is immune from suit); *State ex rel. Morenz v. Kerr*, 104 Ohio St.3d 148, 2004-Ohio-6208, 818 N.E.2d 1162, ¶ 23-27 (writ of prohibition granted to prevent Ohio court from exercising jurisdiction over child in Illinois in violation of R.C. 3109.24(A)). Recently, we granted a writ of prohibition against a common pleas court because R.C. 935.20(A) gives the director of the Department of Agriculture exclusive authority to transfer dangerous wild animals. *State ex rel. Dir. v. Forchione*, 148 Ohio St.3d 105, 2016-Ohio-3049, 69 N.E.3d 636, ¶ 29.

{¶ 16} Unlike the statutes at issue in *Sanquily*, *Morenz*, and *Forchione*, nothing in R.C. Chapter 1776 reflects a legislative intent to divest the trial court of subject-matter jurisdiction over the underlying case. Instead, R.C. 1776.36(C) simply limits the liability of partners when an obligation is accrued "solely by reason" of being a partner. Therefore, Novak has not shown that Judge Ambrose's exercise of judicial power is unauthorized by law.

{¶ 17} Finally, we deny Novak's request for oral argument. We have discretion to grant oral argument pursuant to S.Ct.Prac.R. 17.02(A), and in exercising that discretion, we "will consider whether the case involves a matter of

great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among the courts of appeals." *Johnson v. Sloan*, 154 Ohio St.3d 476, 2018-Ohio-2120, 116 N.E.3d 91, ¶ 12. The issue whether a writ of prohibition is warranted is governed by well-established legal principles that have been adequately briefed by the parties.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Novak, L.L.P., and William J. Novak; and Ritzler, Coughlin, Paglia, Ltd., and Colin P. Sammon, for appellants.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.

_____