[Cite as *Ace Property Group of Ohio, L.L.C. v. L&M Estates, L.L.C.*, 2020-Ohio-3458.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ACE PROPERTY GROUP
OF OHIO, L.L.C.,                                  :

      Plaintiff-Appellee,              :

                                      No. 108892

      v.                                            :

L&M ESTATES, L.L.C., ET AL.,            :

      Defendants-Appellants.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 25, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-898781

---

### *Appearances:*

Lieberman, Dvorin & Dowd, L.L.C., David M. Dvorin, and
Brad A. Straka, *for appellant Lisa Cochran.*

EILEEN T. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant, Lisa Cochran, appeals from the trial court's judgment denying her motion to vacate a cognovit judgment. Cochran raises the following assignment of error for review:

> The trial court erred when it failed to conclude that the cognovit judgment it entered on June 4, 2018 against Lisa Cochran was void ab

initio due to appellee's failure to follow the statutory requirements for a valid cognovit guaranty under R.C. 2323.13(D).

{¶ 2} After careful review of the record and relevant case law, we reverse the trial court's judgment. Pursuant to R.C. 2323.13(D), the trial court lacked subject-matter jurisdiction to enter a cognovit judgment against Cochran in her individual capacity. Accordingly, the matter is remanded for the trial court to vacate the cognovit judgment entered against Cochran.

## I. Procedural and Factual History

{¶ 3} On March 17, 2017, defendant, L&M Estates, L.L.C. ("L&M Estates"), executed a promissory note in favor of plaintiff-appellee, Ace Property Group of Ohio, L.L.C. ("Ace Property"). The note arose from a commercial loan L&M Estates received from Ace Property in the amount of $14,000. In an effort to induce securement of the loan, Cochran executed a personal guaranty of the loan obligation. The guaranty was also dated March 17, 2017.

{¶ 4} Following "various defaults," Ace Property accelerated the balance due under the note and demanded payment in full. L&M Estates, however, failed to fulfill its obligations under the note. As a result, Ace Property filed a complaint against L&M Estates and Cochran in her individual capacity on June 4, 2018.

{¶ 5} Relevant to this appeal, the complaint alleged that Cochran breached the terms of the guaranty by failing to ensure full and punctual payment of all amounts owed to Ace Property under the note. The complaint sought judgment against L&M Estates and Cochran, jointly and severally, in the amount of

$13,191.04, plus accrued and unpaid interest in the amount of $1,235.81, for a total sum of $14,426.84.

**{¶ 6}** An answer and notice of appearance were filed on behalf of L&M Estates and Cochran. The pleading states, in relevant part:

> By virtue of the warrants of attorney contained in the Note and the Guaranty, Defendants['] Attorney hereby confesses judgment in favor of Plaintiff Ace Property Group of Ohio, L.L.C. and against Defendants L&M Estates, L.L.C. and Lisa Cochran, jointly and severally as follows:
>
> 1. On Counts One, and Two, against L&M Estates, L.L.C., and Lisa Cochran, jointly and severally, in the sum of$13,191.04, and accrued and unpaid interest in the amount of $1,235.81, for a total sum due on said date of$14,426.84, plus interest from, including and after March 1, 2018, on the unpaid principal sum of$13,191.04 until paid, at the default date per annum equal to twenty percent (20.00%) as defined in the Note.
>
> 2. All costs and expenses that Plaintiff incurs to collect such outstanding amounts, together with such other relief as this Court deems appropriate, just and equitable; and
>
> 3. The costs of this action.

**{¶ 7}** Based on the confession of judgment entered by defense counsel, the trial court rendered judgment in favor of Ace Property, stating:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment is hereby rendered in favor of Plaintiff, ACE PROPERTY GROUP OF OHIO, L.L.C., and against Defendants, L&M ESTATES, L.L.C., and LISA COCHRAN, as follows:
>
> ON COUNTS ONE AND TWO, against L&M Estates, L.L.C., and Lisa Cochran, jointly and severally, in the sum of $13,191.04, and accrued and unpaid interest in the amount of $1,235.81, for a total sum due on said date of $14,426.84, plus interest from, including and after March 1, 2018, on the unpaid principal sum of $13,191.04 until paid, at the default date per annum equal to twenty percent (20.00%) as defined in the Note, and costs of this action and costs of execution upon this judgment.

**{¶ 8}** On May 16, 2019, Cochran filed a motion to vacate the cognovit judgment, arguing the trial court lacked subject-matter jurisdiction to render a judgment against her because "the underlying guaranty did not comply with the requirements of R.C. 2323.13(D)."

**{¶ 9}** In its brief in opposition, Ace Property asserted that the note and the personal guaranty were simultaneously executed as part of the same transaction and were meant to be considered together. Thus, Ace Property argued that Cochran was not entitled to relief because the underlying note contained the necessary language required under R.C. 2323.13(D).

**{¶ 10}** On July 17, 2019, the trial court denied Cochran's motion to vacate the cognovit judgment.

**{¶ 11}** Cochran now appeals the trial court's judgment.

## II. Law and Analysis

**{¶ 12}** In her sole assignment of error, Cochran argues the trial court committed reversible error by denying her motion to vacate the cognovit judgment. Cochran contends the guaranty she executed in her individual capacity "did not contain the express language required by R.C. 2323.13(D) either directly above or below the space provided for [her] signature." Thus, Cochran asserts the judgment is void ab initio, as the trial court lacked subject-matter jurisdiction pursuant to R.C. 2323.13.

**{¶ 13}** Appellate courts review the denial of a motion to vacate under an abuse of discretion standard. *Tomcho v. ALTL, Inc.*, 8th Dist. Cuyahoga Nos.

106284 and 106562, 2018-Ohio-4613, ¶ 17, citing *Chilcote v. Kugelman*, 8th Dist. Cuyahoga No. 98873, 2013-Ohio-1896, ¶ 8; *Linquist v. Drossel*, 5th Dist. Stark No. 2006 CA 00119, 2006-Ohio-5712, ¶ 8. An abuse of discretion implies that a trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} "A court's subject-matter jurisdiction 'connotes the power to hear and decide a case upon its merits.'" *State ex rel. Novak, L.L.P. v. Ambrose*, 156 Ohio St.3d 425, 2019-Ohio-1329, 128 N.E.3d 209, ¶ 10, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. "A judgment rendered by a court lacking subject-matter jurisdiction is void ab initio." *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus. It is well settled that "[t]he issue of subject-matter jurisdiction cannot be waived and therefore can be raised at any time during the proceedings." *Byard v. Byler*, 74 Ohio St.3d 294, 296, 658 N.E.2d 735 (1996), citing Civ.R. 12(H)(3).

{¶ 15} In Ohio, "a promissory note that contains a warrant of attorney is a cognovit note." *Huntington Natl. Bank v. Burda*, 10th Dist. Franklin No. 08AP-658, 2009-Ohio-1752, ¶ 8, citing *D.H. Overmyer Co. v. Frick Co.,* 405 U.S. 174, 176, 92 S.Ct. 775, 31 L.Ed. 2d 124 (1972). Unlike an ordinary note, a cognovit note is "an extraordinary note which authorizes an attorney to confess judgment against the person or persons signing it." *Nexstep Healthcare, L.L.C. v. Patrician Skilled Nursing Ctr.*, 8th Dist. Cuyahoga Nos. 87850 and 87851, 2007-Ohio-82, ¶ 11, quoting *Jones v. John Hancock Mut. Life Ins. Co.*, 289 F.Supp. 930, 935 (W.D.

Mich.1968). Judgment on a cognovit note is often entered pursuant to a warrant of attorney. Thus, a valid "warrant of attorney consented to by a debtor provides for a waiver of prejudgment notice and hearing." *Diamond v. Arabica Coffee One Corp.*, 8th Dist. Cuyahoga No. 93740, 2010-Ohio-3090, ¶ 8; R.C. 2323.13.

{¶ 16} A trial court's subject-matter jurisdiction over a cognovit instrument is governed by R.C. 2323.12 and 2323.13. Relevant to this appeal, R.C. 2323.13(D) sets forth mandatory requirements for a valid warrant of attorney to confess judgment. The statute provides as follows:

> A warrant of attorney to confess judgment contained in any promissory note, bond, security agreement, lease, contract, or other evidence of indebtedness executed on or after January 1, 1974, is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instrument evidencing the indebtedness, directly above or below the space or spaces provided for the signatures of the makers, or other person authorizing the confession, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document:

> "Warning — By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause."

{¶ 17} "Strict compliance with statutory requirements is required to obtain judgment on a cognovit [instrument]." *1st Natl. Fin. Servs. v. Ashley*, 10th Dist. Franklin No. 18AP-803, 2019-Ohio-5321, ¶ 11. Thus, "[w]hen cognovit instruments do not comply with the requirements of R.C. 2323.13(D), the trial court lacks subject-matter jurisdiction to enter cognovit judgment, and judgment entered on such a cognovit note is void ab initio." *Trustar Funding, L.L.C. v. Harper*, 8th Dist.

Cuyahoga No. 105837, 2018-Ohio-495, ¶ 15, citing *PC Surveillance.net, L.L.C. v. Rika Group Corp.*, 2012-Ohio-4569, 994 N.E.2d 843, ¶ 21 (7th Dist.).

{¶ 18} In this case, the commercial note executed by L&M Estates unquestionably contains the statutory warning required under R.C. 2323.13(D). The note, that was signed by Cochran in her capacity as L&M Estates' managing member, contains a warrant of attorney clause authorizing the confession of judgment. The clause is located directly above the space provided for the signature line. Further, the language of the warrant of attorney mirrors the statutory language and satisfies R.C. 2323.13(D) by appearing more clearly and conspicuously than anything else in the document. Under these circumstances, the clause conforms with the mandatory requirements of R.C. 2323.13(D), and the trial court had subject-matter jurisdiction to enter a cognovit judgment against L&M Estates.

{¶ 19} In contrast, however, the guaranty executed by Cochran in her individual capacity does not contain a warrant of attorney provision that strictly complies with the requirements of R.C. 2323.13(D). In this regard, the factual circumstances of this case are analogous to the scenario addressed by the Seventh District in *Rika Group,* 2012-Ohio-4569, 994 N.E.2d 843 (7th Dist.).

{¶ 20} In *Rika Group*, the plaintiff entered into a purchase agreement with defendant Rika Group for the sale of plaintiff's business assets. In furtherance of the purchase agreement, defendant Erika Temple, in her capacity as president of Rika Group, executed two cognovit notes. Erika and her husband, Ryan Temple, signed personal guaranties on the cognovit notes in their individual capacities.

Subsequently, the plaintiff filed complaints in cognovit against defendants Rika Group, Erika, and Ryan. The trial court entered judgment against the defendants, jointly and individually. The defendants filed a motion to vacate the cognovit judgment, which the trial court denied. *Rika Group*, 2012-Ohio-4569, 994 N.E.2d 843, at ¶ 3-8.

{¶ 21} On appeal, the defendants argued that the judgments against Erika and Ryan in their individual capacities were void "because the guaranties they signed do not comply with R.C. 2323.13(D)." *Id.* at ¶ 20. Thus, the defendants argued that the trial court had no authority to render cognovit judgments against Erika or Ryan because "they only signed the guaranties in their individual capacities." *Id.* at ¶ 23. Similar to the argument posed by Ace Property in this case, the plaintiff in *Rika Group* argued that because the note contained sufficient R.C. 2323.13(D) language, the court had jurisdiction to render judgment against the guarantors because each note and guaranty were "all part of the same transaction and were meant to be considered together." As in this case, the plaintiff in *Rika Group* emphasized that the "documents were executed at the same time and that the guaranties refer to their respective cognovit notes." *Id.*

{¶ 22} In rejecting the plaintiff's position, the Seventh District held that although the notes conformed with the mandatory requirements of R.C. 2323.13(D), "there are no warrants of attorney in the guaranties that comport with the statute." *Id.* at ¶ 25. The court concluded as follows:

> The guaranties do not contain the mandatory statutory warning language, in substance or format either directly above or below the spaces where Erika and Ryan signed in their individual capacities. Therefore, Erika and Ryan did not authorize the confession of judgment against themselves as individuals, and the trial court was without authority to render cognovit judgments against them. Thus, the cognovit judgments are void as to Erika and Ryan in their individual capacity.

*Id.*

{¶ 23} After careful consideration, we find *Rika Group* to be persuasive. As stated, the guaranty personally executed by Cochran in this case did not strictly comply with the requirements of R.C. 2323.13(D). Although the instrument contains a provision titled, "Confessed Judgment," the language set forth therein is wholly inconsistent with the statutorily mandated warning. *See Burda,* 10th Dist. Franklin No. 08AP-658, 2009-Ohio-1752, at ¶ 14. In addition, the provision does not appear more clearly and conspicuously than anything else on the document. *See Natl. Laundry Equip., Inc. v. Mow Mow, Inc.*, 10th Dist. Franklin No. 95APE03-254, 1995 Ohio App. LEXIS 5635 (Dec. 19, 1995).

{¶ 24} Ace Property does not dispute the limitations of the provisions set forth in the guaranty. Nevertheless, Ace Property attempts to incorporate the terms of the note into the guaranty by association, stating:

> [T]he guaranty was executed simultaneously and as part of the commercial confessed judgment note. The note and guaranty are part of the same transaction, and the guaranty specifically references the associated note and therefore the documents should be considered together. The note contains the required language of Ohio Revised Code section 2323.13(D), therefore relief from judgment should not be granted to defendant Lisa Cochran.

We are unpersuaded by Ace Property's reliance on the note.

{¶ 25} Applying *Rika Group* to the circumstances of this case, we find it is immaterial that the commercial note and guaranty were executed together as part of the same transaction. "[R]egardless of whether the cognovit note and guarant[y] were continuous documents," the guaranty does not strictly comply with R.C. 2323.13(D), in substance or format. *See Rika Group*, 2012-Ohio-4569, 994 N.E.2d 843, at ¶ 25. Absent a sufficient warrant of attorney provision, Cochran did not authorize the confession of judgment against herself as an individual. Accordingly, we find the trial court lacked subject-matter jurisdiction to render a cognovit judgment against Cochran in her individual capacity.

{¶ 26} Because the cognovit judgment is void as to Cochran, the trial court abused its discretion in denying her motion to vacate the judgment. Our decision does not impair the judgment rendered against L&M Estates.

{¶ 27} Cochran's sole assignment of error is sustained.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR