[Cite as *Zdolshek v. AGZ Properties, L.L.C.*, 2024-Ohio-1284.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| DENNIS ZDOLSHEK, | : | |
| Plaintiff-Appellant, | : | No. 113249 |
| v. | : | |
| AGZ PROPERTIES, LLC, | : | |
| Defendant-Appellee. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 4, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-979636

---

### *Appearances:*

Roetzel & Andress, LPA, Rachel L. Russo, Demari W. Muff, and Emily K. Anglewicz, *for appellant.*

David A. Corrado, *for appellee.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant Dennis Zdolshek ("Dennis") appeals the trial court's order dismissing his complaint against defendant-appellee AGZ Properties, LLC ("AGZ"). He contends that the trial court erred in dismissing his complaint based on the doctrine of lis alibi pendens.

{¶ 2} For the reasons that follow, we reverse the trial court and remand for further proceedings.

**Procedural and Factual Background**

**The 2023 Action Filed by Dennis[1]**

{¶ 3} On May 18, 2023, Dennis filed a complaint in the Cuyahoga County Court of Common Pleas against AGZ and Edward Marko, its "registered agent,"[2] seeking specific performance and damages based on AGZ's alleged refusal to comply with Dennis' attempt to exercise an option to purchase (the "option to purchase") a commercial building located at 16-18-20 North Main Street, Chagrin Falls, Ohio (the "property") (the "2023 action").

{¶ 4} Dennis alleged that on July 3, 2008, he entered into a long-term "Lease Agreement and Option to Purchase" (the "2008 Agreement") with his aunts, Hilda Mathilda Zdolshek ("Hilda") and Gail Angela Zdolshek ("Gail"), who had previously owned the property. Pursuant to the 2008 Agreement, Dennis agreed to lease "the ground floor storefront unit located at 16 North Main Street, Chagrin Falls, Ohio" for a period of 20 years commencing July 1, 2008, at a variable monthly

---

[1] An appellate court may take judicial notice of publicly accessible online court dockets. *See, e.g., State v. McAlpin,* 8th Dist. Cuyahoga No. 110811, 2023-Ohio-4794, ¶ 36, fn. 2; *Fipps v. Day*, 8th Dist. Cuyahoga No. 111633, 2022-Ohio-3434, ¶ 2, fn. 1; *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208, ¶ 12, fn. 1 (noting that "it is a common practice for appellate courts to take judicial notice of publicly accessible online court dockets"). Accordingly, we do so here.

[2] Although Dennis names both AGZ and Marko in the caption of his complaint, the body of his complaint asserts claims only against AGZ, e.g., "NOW COMES Plaintiff Dennis Zdolshek and for his Complaint against Defendant AGZ Properties, LLC, states and alleges as follows * * * ."

rate specified in the agreement, e.g., in lease years 6-10, the rent was $1,300 per month; in lease years 11-15, the rent was $1,600 per month. Under the terms of the 2008 Agreement, Dennis was responsible for paying all utilities used in the leased premises, for maintaining and paying for liability, fire and casualty insurance on the leased premises and for maintaining and keeping in good repair, at his expense, "the entire interior portion of the premises." The 2008 Agreement further provided that "[a]ll of the terms and conditions of this Lease Agreement extend to and are binding upon the heirs, executors, administrators, successors and assigns of the parties" to the agreement. Section 8 of the 2008 Agreement set forth the terms of the option to purchase. It stated:

OPTION TO PURCHASE

Lessor grants hereof by reference to Lessee his nominee or assigns an option to purchase all of Lessor's ownership interests in the commercial building in which Lessee's restaurant is presently located, inclusive of 16 - 18 - 20 North Main Street, Chagrin Falls, Ohio. This building bears Permanent Parcel Nos. 932-7-026A, 932-7-026B and 932-7-027 upon the records of the Cuyahoga County Auditor and contains the following legal description:

[legal description of the property].

This option to purchase shall remain in full force and effect during this Lease Agreement, shall survive its expiration and shall be exercisable by Lessee either: (1) by the written notice of exercise by Lessee at any time during the twenty (20) year term of this Lease after the death of both Hilda Mathilda Zdolshek and Gail Angela Zdolshek, or (2) by written notice of exercise upon the death of either Hilda Mathilda Zdolshek or Gail Angela Zdolshek, the Lessee shall have the right to purchase the interest of either decedent in the property within (90) days of the appointment of an executor or administrator for the estate of the decedent or from the Trustee of any Trust which becomes the owner of the decedent's interest. This option to purchase entitles

Lessee to purchase all of the above-described real estate for a purchase price which is: (1) Four Hundred Thousand Dollars ($400,000.00), increased by (2) the cost of the required capital improvements to the property which are not deducted as an immediate expense and are made by the Lessor at the property as required under a valid existing lease agreement with a tenant of the property after the date of this agreement. In the case of a purchase of less than all of Lessor's interest in the property, the purchase price will be adjusted to reflect the percentage ownership of the property purchased by Lessee.

{¶ 5} "Lessor" is defined in the Agreement as Hilda and Gail. "Lessee" is defined in the Agreement as Dennis.

{¶ 6} Dennis alleged that prior to the 2008 Agreement, in 1989, he and his aunts had entered into a Lease Agreement and Option to Purchase, which included a similar option to purchase the property (the "1989 Agreement").[3] He asserted that "the 1989 Lease and the 2008 Agreement evidence that it has been the intention of the parties for over 30 years that, upon the passing of the last surviving owner, [Dennis] would have the option to purchase the Property."

{¶ 7} In his complaint, Dennis alleged that on August 4, 2022, following the death of Hilda and Gail,[4] he timely exercised his option to purchase the property by

---

[3] The parties to the 1989 Agreement were Hilda and Gail as "Lessor" and Dink's II Company, Inc. ("Dink's") as "Lessee." Although Dennis executed the 1989 Agreement as president of Dink's, he was not, in fact, a party to the 1989 Agreement as alleged in his complaint. Under the 1989 Agreement, Lessor granted Lessee "an option to purchase all of Lessor's ownership interests in the commercial building in which Lessee's restaurant is presently located, inclusive of 16-18 North Main Street, Chagrin Falls, Ohio" pursuant to the terms specified therein, including a purchase price that was either agreed upon by lessor and lessee or that was "equal to the average of a real estate appraisal of the property obtained by Lessor and a real estate appraisal of the property obtained by Lessee."

[4] Dennis alleged that Gail had passed away on June 17, 2022 and that Hilda had passed away sometime "prior to the filing of this lawsuit."

serving AGZ and its counsel with a "notice of exercise of option." Dennis alleged that, despite his timely notice, AGZ "failed to respond or take any steps to comply with the execution of the [o]ption" and that AGZ's refusal to comply with his exercise of the option constituted a breach of the agreement, "prejudicially impact[ed] the value" of the option and caused him damages. Dennis further alleged that AGZ was failing to properly maintain the property and had failed to reimburse Dennis for insurance premiums he had paid related to areas of the property that were not occupied or leased by Dennis for which he was also entitled to damages.

{¶ 8} Dennis averred that he was "ready, willing, and able to pay the full purchase price of $400,000" for the property, as set forth in the 2008 Agreement. He requested that AGZ be ordered to specifically perform its obligation to proceed with the sale and conveyance of the property to Dennis and that he also be awarded damages, attorney fees, interest and costs. Dennis attached copies of the 2008 Agreement, the 1989 Agreement, the notice of exercise of option, various draft "closing" documents and another prior lease agreement to his complaint.

{¶ 9} When filing his complaint, Dennis submitted a case designation form in which he identified his complaint as being related to two other cases "now pending or previously filed": (1) *AGZ Properties, LLC v. Dennis Zdolshek & Dink's II Co., Inc.*, Cuyahoga C.P. CV-17-886225 ("886225" or the "2017 action") and (2) *AGZ Properties, LLC v. Dink's II Co., Inc. & Dennis Zdolshek*, Cuyahoga C.P. No.

CV-19-913406 ("913460" or the "2019 action").[5] Neither Dennis nor AGZ filed a motion to consolidate the cases.

{¶ 10} On July 6, 2023, AGZ filed a "motion to dismiss complaint as being lis alibi pendens." AGZ asserted that the "same relief" sought in Dennis' complaint was "being sought by the same parties" in the 2017 action, that the doctrine of lis alibi pendens "deprive[d]" the trial court of subject-matter jurisdiction "to hear [Dennis'] causes of action" and that the complaint must, therefore, be dismissed. AGZ asked the trial court to take judicial notice of the docket in the 2017 action, noting that Dennis had "five * * * separate motions pending" in that case in which he sought to have the court enforce the option to purchase.[6]

{¶ 11} Dennis opposed the motion to dismiss. He argued that the doctrine of lis alibi pendens did not apply and denied that his claims against AGZ in this case were the same as the AGZ's claims against him in the 2017 action. He indicated that he had not filed a counterclaim in the 2017 action. He asserted that, at the time AGZ filed its complaint in the 2017 action, the option to purchase "was not ripe for execution" and that it was only after Gail's death, after he attempted to exercise the

_____

[5] The record reflects that AGZ voluntarily dismissed the 2019 action without prejudice in May 2022.

[6] This is not correct. Dennis did not file "five * * * separate motions" in the 2017 Action seeking to enforce the option to purchase. As detailed below, the docket reflects that Dennis filed (1) a "notice of service of exercise of option," (2) a "motion to enforce option to purchase and request for hearing," (3) a "notice of service of closing documents," (4) a "notice of plaintiff's refusal to close transaction and renewed motion to enforce option to purchase and request for hearing" and (5) a "reply in support of renewed motion to enforce option to purchase and request for hearing."

option to purchase and AGZ refused to transfer the property, that his claims for specific performance and damages arose. Dennis maintained that it was AGZ that had filed multiple lawsuits against him in both the Cuyahoga County Common Pleas Court and the Bedford Municipal Court and stated that "Ohio law clearly provides for [Dennis'] right to seek relief from the court in specifically enforcing his vested property interests." He asserted that "to the extent [the] [c]ourt believes the cases should be consolidated, such a mechanism exists," but did not specifically request that the cases be consolidated. AGZ filed a reply, attaching a copy of the amended complaint in the 2017 action.

**The 2017 Action Filed by AGZ**

{¶ 12} On September 20, 2017, AGZ filed a complaint against Dennis and Dink's II Company, Inc. ("Dink's") (collectively, "defendants"). An amended complaint, adding Angela Gail Zdolshek ("Gail") as a plaintiff,[7] (collectively, "plaintiffs") was filed on November 27, 2017. The amended complaint alleged that AGZ was the successor-in-interest to the property and the contract and lease rights at issue[8] and asserted claims of breach of contract, fraud, declaratory judgment, an action for an accounting and unjust enrichment against the defendants.

---

[7] At various times it appears that Gail Angela Zdolshek is referred to as Angela Gail Zdolshek. For ease of discussion, we shall refer to her here as "Gail." Following her death on June 17, 2022, Ed Marko, executor of the Estate of Angela Gail Zdolshek, was substituted as a plaintiff pursuant to Civ.R. 25(A).

[8] Specifically, the amended complaint alleged that after Hilda passed away, Gail inherited Hilda's interest in the property and contract and leases at issue. On about December 8, 2010, Gail transferred her ownership interest in the property and assigned her contract and lease rights in any leases relating to the property to The Angela Zdolshek

{¶ 13} The amended complaint alleged that in addition to the 2008 Agreement, Dennis or Dink's had entered into two other lease agreements with Gail and Hilda (1) a lease agreement with Dennis for the lease of the "ground floor storefront unit located at 20 North Main Street, Chagrin Falls, Ohio," executed on January 14, 2009 (the "January 2009 Agreement") and (2) a lease agreement with Dink's for the lease of "18 North Main Street, Chagrin Falls, Ohio, which consists of the entire second floor of the building that contains 16 North Main Street, 18 North Main Street, and 20 North Main Street," executed on December 1, 2009, (the "December 2009 Agreement").

{¶ 14} Plaintiffs alleged that Dennis had breached all three agreements by failing to pay rent for several months, including from May-August 2017. Plaintiffs further alleged that Dennis had "falsely and fraudulently" misrepresented the scope of the 2008 Agreement to Gail — telling her that it only allowed Dennis to use the Dink's name and run the Dink's restaurant, when, in fact, the 2008 Agreement was a lease and an option to purchase the property "at below market lease rates and purchase price" — and that he "forced" her to sign it "without allowing" her to read the agreement or have it reviewed by a lawyer. Plaintiffs also alleged that a dispute had arisen between the parties regarding the enforceability of the 2008 Agreement and the validity of the option to purchase. Plaintiffs sought (1) a judgment declaring, among other things, that the option to purchase was invalid and

---

Declaration of Trust Dated October 28, 2010, as amended and restated (the "trust"). On September 1, 2017, the trust transferred its ownership interest in the property and assigned its contract and lease rights in any leases related to the property to AGZ.

unenforceable,[9] (2) an accounting for subleases, expenses and tenant receipts and (3) an unidentified sum in excess of $25,000 in damages, plus attorney fees, prejudgment interest and costs.

---

[9] As to their declaratory judgment claim, the plaintiffs specifically requested that the trial court enter judgment in their favor, declaring as follows:

A) that the [2008 Agreement, January 2009 Agreement and December 2009 Agreement] have been breached by Dennis and Dink's and are no longer legally valid or enforceable in their entirety; B) that no valid "option" to purchase anything exists under the [2008 Agreement][;] C) that no specific refence is made to specific property for Dennis to purchase under the alleged "option" in the [2008 Agreement]; D) that Gail Angela Zdolshek has no "ownership interest" in any Chagrin Falls, Ohio properties; E) that no consideration was paid by Dennis for any alleged "option" in [the 2008 Agreement]; F) that the alleged "option" as stated in Section 8 of the [2008 Agreement] is vague, ambiguous and legally unenforceable; G) that the alleged "option" as stated in Section of the [2008 Agreement] fails due to indefiniteness and missing material terms; H) that Dennis has no restaurant presently located in Chagrin Falls, Ohio; I) that Dennis never had a restaurant located at 16-18-20 North Main Street, Chagrin Falls, Ohio; J) that no such address of 16-18-20 North Main Street, Chagrin Falls, Ohio exists or ever existed; K) that Dennis cannot invoke this Court's equitable powers due to lack of clean hands and fraud; L) that the term "Lessor" in the [2008 Agreement] is vague and ambiguous and undefinable; M) that "932-7-026A, 932-7-026B, and 932-7-027" are not valid permanent parcel numbers in Cuyahoga County, Ohio; N) that no one "building" bears permanent parcel numbers "932-7-026A, 932-7-026B, and 932-7-027" in Cuyahoga County, Ohio; O) that the alleged "option" in the [2008 Agreement] does not survive a breach of the [2008 Agreement]; P) that the term "this option" is vague, ambiguous and incapable of definition in [the 2008 Agreement]; Q) that the term "all of the above-described real estate" is vague, ambiguous and incapable of definition in [the 2008 Agreement]; R) that the term "Four Hundred Thousand Dollars ($400,000.00) increased by" is an incomplete sentence, vague, ambiguous and incapable of definition in [the 2008 Agreement]; S) that the term "property" in Section 8 of the [2008 Agreement] is vague, ambiguous and incapable of definition; T) that the entire Section 8 of the [2008 Agreement] is vague, ambiguous, incapable of definition and legally unenforceable; U) that Dennis and/or Dink's tenancy rights are terminated and Dennis and/or Dink's no longer have a right to collect rent/lease payment on behalf or in place of the Plaintiffs for Property #1, Property #2 and/or Property #3; V) that Dennis and/or Dink's had no right to enter into any rental or lease agreements on behalf or in place of the

{¶ 15} On December 18, 2017, the defendants filed a motion to partially dismiss the amended complaint, alleging that (1) plaintiffs' fraud claim was barred by the statute of limitations and plaintiffs could not establish the reliance element as a matter of law and (2) plaintiffs' declaratory judgment claim was premature to the extent it sought to declare the option to purchase unenforceable because the option had not yet been exercised.  Plaintiffs opposed the motion, and the trial court denied it.  The defendants also filed an answer in which they admitted the existence of the 2008 Agreement, the January 2009 Agreement and the December 2009 Agreement and asserted that the 2008 Agreement and option to purchase were valid and enforceable.  The defendants denied any breach of contract or other wrongdoing, denied that the plaintiffs were entitled to the relief sought in the

---

Plaintiffs for Property #1, Property #2 and/or Property #3; W) that all of the rent/lease payments for Property #1, Property #2 and/or Property #3 collected by Dennis, or any fictitious entity over which Dennis has control, including Dink's, since July 2008 is the property of the Plaintiffs, was held in trust for the Plaintiffs by Dennis, and which must be paid back by Dennis to the Plaintiffs immediately; and X) Dennis and Dink's had no right to make any decisions on behalf or in place of the Plaintiffs for anything at Property #1, Property #2 and/or Property #3; Y) Dennis assigned all of his rights under [the 2008 Agreement] and no longer possesses any rights under [the 2008 Agreement]; Z) Dennis, Dink's or any fictitious entity over which Dennis has control never purchased and/or paid for the assets of the Dink's restaurant previously owned by Angela Gail Zdolshek; AA) Dennis, Dink's or any fictitious entity over which Dennis has control never had any legal right to use, sell, dispose of, and/or assign the assets of the Dink's restaurant previously owned by Angela Gail Zdolshek; and BB) [the 2008 Agreement] was obtained fraudulently and is of no legal effect.

As defined in the amended complaint, "Property #1" refers to 16 North Main Street, Chagrin Falls, Ohio, "Property #2" refers to 18 North Main Street, Chagrin Falls, Ohio and "Property #3" refers to 20 North Main Street, Chagrin Falls, Ohio.

amended complaint and also asserted various affirmative defenses. The defendants did not file any counterclaims.

{¶ 16} On July 5, 2022, plaintiffs filed a notice of suggestion of death, indicating that Gail had passed away on June 17, 2022. On August 4, 2022, Dennis filed a "notice of service of exercise of option" under the 2008 Agreement. On August 18, 2022, Dennis filed a "motion to enforce option to purchase and request for hearing." AGZ opposed the motion and moved to strike it, arguing that it was not yet ripe because Dennis had not undertaken "any of the necessary steps to engage in a real estate transaction." On September 1, 2022, Dennis filed a "notice of service of closing documents." On September 6, 2022, Dennis filed a "notice of plaintiff's refusal to close transaction and renewed motion to enforce option to purchase and request for hearing." Once again, AGZ opposed the motion and moved to strike it, arguing that the issue was not yet ripe because the parties had not agreed on a purchase price and that the option to purchase was unenforceable. On September 5, 2023, the trial court summarily denied the renewed motion.

**The Trial Court's Ruling on AGZ's Motion to Dismiss and Dennis' Appeal**

{¶ 17} On September 8, 2023, the trial court granted AGZ's motion to dismiss, stating as follows: "Motion to dismiss complaint as being lis alibi pendens * * * is granted. The relief sought in this complaint is also being sought in CV-17-886225 which involves the same parties in front of Judge William McGinty."

{¶ 18} Dennis appealed, raising the following assignment of error for review:

The trial court erred by granting Defendant-Appellee's motion to dismiss complaint as being lis alibi pendens.

**Law and Analysis**

{¶ 19} AGZ's motion to dismiss was based solely on the doctrine of lis alibi pendens. AGZ claimed that based on this doctrine, the trial court lacked subject-matter jurisdiction over Dennis' complaint and the complaint should be dismissed. The trial court agreed.

{¶ 20} Civ.R. 12(B)(1) requires dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. "A court's subject-matter jurisdiction 'connotes the power to hear and decide a case upon its merits.'" *State ex rel. Novak, L.L.P. v. Ambrose*, 156 Ohio St.3d 425, 2019-Ohio-1329, 128 N.E.3d 209, ¶ 10, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus; *see also ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 96120, 2011-Ohio-5654, ¶ 5 ("'Subject-matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action.'"), quoting *Udelson v. Udelson*, 8th Dist. Cuyahoga No. 92717, 2009-Ohio-6462, ¶ 13.

{¶ 21} We review a dismissal under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction de novo. *State ex rel. Duncan v. Am. Transmission Sys.*, 166 Ohio St.3d 416, 2022-Ohio-323, 186 N.E.3d 800, ¶ 6; *Falconer v. Warrensville Hts. City School Dist. Bd. of Edn.*, 8th Dist. Cuyahoga No. 112247, 2023-Ohio-2068, ¶ 14. In conducting our review, we must consider "whether the complaint raises any cause

of action cognizable by the forum." *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12; *see also Falconer* at ¶ 14 ("The standard for determining a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction is whether the plaintiff has alleged any cause of action over which the court has authority to decide."). In deciding a motion to dismiss for lack of subject-matter jurisdiction, a court may consider evidence outside of the complaint. *Ohio Council 8, AFSCME, AFL-CIO v. Lakewood*, 8th Dist. Cuyahoga No. 112456, 2023-Ohio-4212, ¶ 9.

{¶ 22} Dennis contends that the trial court erred in dismissing his complaint for lack of subject-matter jurisdiction based on the doctrine of lis alibi pendens because (1) lis alibi pendens does not apply where, as here, two cases involving the same parties are pending in the *same* court and (2) the claims in this action and the 2017 action are not identical.

{¶ 23} In response, AGZ maintains that the trial court "appropriately granted" its motion to dismiss Dennis' complaint as being lis alibi pendens because "the same issue between the same parties is pending before another trial judge in the same court," Dennis "requested the same relief and had an effective remedy in the pending 2017 case" and "'[w]e don't let a party file multiple suits against the same defendant in the same court for the same injury at the same time,'" quoting *Bachman v. Durrani*, 2021-Ohio-4073, 180 N.E.2d 1246 (10th Dist.). AGZ further asserts that "[w]hether the rationale cited is lis alibi pendens or a trial judge's

jurisdiction, * * * two judges cannot decide the same issue between the same parties," and, therefore, the trial court's judgment should be affirmed.

{¶ 24} The doctrine of lis alibi pendens applies when two *different* courts have pending cases involving the same claims and same parties. This doctrine is "'a preliminary defense that a case involving the same parties and the same subject is pending in another court.'" *Lambert v. Hartmann*, 178 Ohio App.3d 403, 2008-Ohio-4905, 898 N.E.2d 67, ¶ 29 (1st Dist.), *rev'd on other grounds sub nom. Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, citing *Black's Law Dictionary* 950 (8th Ed.2004); *see also Davis Cookie Co. v. Wasley*, 566 A.2d 870, 871, fn.1 (Pa.Super.1989) ("Although the plea in abatement alleging pendency of a prior action as a bar to suit is often referred to as simply lis pendens (a pending suit), the phrases lis alibi pendens (a suit pending elsewhere) and auter action pendant (another action pending) are more historically appropriate. * * * Lis alibi pendens and auter action pendant * * * referred specifically to the plea in abatement based upon the pendency of a prior action *in another forum*.") (Emphasis added.)

{¶ 25} Indeed, it appears that the doctrine is most commonly applied in the context of international disputes. *See, e.g., Seguros del Estado, S.A. v. Sci. Games, Inc.*, 262 F.3d 1164, 1169 (11th Cir.2001) ("Lis alibi pendens is a doctrine rooted in international comity which permits a court to refuse to exercise jurisdiction in the face of parallel litigation that is ongoing in another country. * * * The application of lis alibi pendens turns on whether a court 'should exercise its jurisdiction where

parallel proceedings are ongoing in a foreign nation * * * .'") (emphasis deleted), quoting *Turner Entertainment Co. v. Degeto Film*, 25 F.3d 1512, 1518 (11th Cir. 1994). The doctrine does not apply where multiple cases are pending in the same court. Accordingly, the trial court erred in dismissing Dennis' complaint based on the doctrine of lis alibi pendens. *Cf. Nick Mayer Lincoln Mercury v. Ohio Bur. of Workers' Comp.*, 8th Dist. Cuyahoga No. 93752, 2010-Ohio-2782, ¶ 10 (jurisdictional priority rule was inapplicable and would not warrant dismissal of action under Civ.R. 12(B)(1) where previously filed action was pending in the same court); *State ex rel. Consortium for Economic & Community Dev. for Hough Ward 7 v. McMonagle*, 2016-Ohio-4704, 68 N.E.3d 125, ¶ 18 (8th Dist.) ("[T]he jurisdictional priority rule does not apply to cases filed in the same court in the same division * * * because the 'rule contemplates cases pending in two different courts of concurrent jurisdiction — not two cases filed in the same court.'"), quoting *Third Fed. Sav. Bank v. Cox*, 8th Dist. Cuyahoga No. 93950, 2010-Ohio-4133, ¶ 11; *Fenner v. Kinney*, 10th Dist. Franklin Nos. 02AP-749 and No. 99CVF-036244, 2003-Ohio-989, ¶ 10-14 (The trial court was not divested of subject-matter jurisdiction over case under the jurisdictional priority rule where appellee filed "two distinct cases in the same court seeking different relief" notwithstanding that "consolidation of [the] case with the earlier filed, but still pending * * * action, may have been justified based upon principles of judicial economy.").

{¶ 26} Furthermore, contrary to AGZ's assertions, this is not a case where one party has filed "multiple lawsuits against the same parties for the same harm."

AGZ and Gail filed the 2017 action. Dennis filed no claims in the 2017 action. Although the claims in the two actions may overlap, they are not duplicative. Dennis' claims for specific performance and damages related to the option to purchase were not compulsory counterclaims in the 2017 action because they had not arisen at the time he filed his answer in the 2017 action.[10] *See, e.g., Rettig Ents. v. Koehler*, 68 Ohio St.3d 274, 277, 626 N.E.2d 99 (1994) (A claim must be brought as a compulsory counterclaim under Civ.R. 13(A) where the claim (1) "'exist[s] at the time of serving the pleading'" and (2) "'arise[s] out of the transaction or occurrence that is the subject matter of the opposing claim.'"), quoting *Geauga Truck & Implement Co. v. Juskiewicz*, 9 Ohio St.3d 12, 14, 457 N.E.2d 827 (1984); *Berryhill v. Khouri*, 8th Dist. Cuyahoga No. 109411, 2021-Ohio-504, ¶ 15.

{¶ 27} Dennis did not seek to seek to exercise his option to purchase until August 2022. Although Dennis filed a notice of service of his exercise of the option to purchase, a notice of service of closing documents and two motions seeking to enforce the option to purchase in the 2017 action, that does not mean the trial court would have — or could have — awarded him the affirmative relief he sought in those motions, given that he had filed no claims in the 2017 action.

{¶ 28} The cases AGZ cites in support of its argument that the trial court properly dismissed Dennis' complaint are inapposite. In *Woods Cove v. Brazil*, 8th

---

[10] As noted above, in his complaint, Dennis also asserted a claim for damages based on AGZ's alleged failure to reimburse Dennis for insurance premiums he had paid related to areas of the property that were not occupied or leased by Dennis. It is unknown, based on the limited record before us, when that claim arose and whether it would have been a compulsory counterclaim in the 2017 action.

Dist. Cuyahoga No. 107889, 2019-Ohio-4348, this court affirmed the trial court's dismissal of the defendant's counterclaims and cross-claims in a second lawsuit where admittedly identical claims were raised and pending in the first lawsuit after having been reinstated following a remand order. *Id.* at ¶ 17-21, 25.

{¶ 29} *Siggers v. Rudd*, 8th Dist. Cuyahoga No. 53935, 1988 Ohio App. LEXIS 3037 (July 28, 1988), involved a "newly-filed complaint" that was a "duplication" of a counterclaim that had been filed in a prior action (both filed in the Cuyahoga County Court of Commons Pleas). The designation sheet for the newly filed complaint did not disclose that a related case was pending or previously filed. This court stated that, under those circumstances, the "newly-filed complaint" was "subject to dismissal or, at a minimum, subject to being transferred to and consolidated with the first action" and reversed the trial court's denial of the defendant's relief from judgment after the plaintiff had obtained a default judgment against the defendant. *Id.* at 4-5.

{¶ 30} *State ex rel. Miller v. Court of Common Pleas*, 151 Ohio St. 397, 403, 86 N.E.2d 464 (1949), involved the denial of a writ of prohibition in the context of divorce actions filed in common pleas courts in different counties. *Cleveland, P & A. R. Co. v. Erie*, 27 Pa. 380 (1856), involved a party's filing of duplicative actions in different courts of concurrent jurisdiction. *Davis Cookie*, 566 A.2d 870, involved cases pending in two different counties. The court held that "a lis alibi pendens plea" could "not be sustained" because "the required unities" were not present. Although the parties were the same and the suits arose from the same contract, "neither the

cause of action, rights asserted, nor relief requested [were] the same." *Id.* at 874-875.

{¶ 31} We recognize the potential waste of resources, including the additional, unnecessary litigation expense that will undoubtedly result from proceeding with multiple actions under the facts and circumstances here. This could have been easily avoided if either party had simply filed a motion for consolidation. Although Dennis asserts in his appellate brief that he "requested that the matter be consolidated with the 2017 action — to be decided by the judge in that case — and not dismissed," in fact, he never filed a motion for consolidation in this case nor the 2017 action. Nor did AGZ file a motion for consolidation. Civ.R. 42(A)(1) provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (a) Join for hearing or trial any or all matters at issue in the actions;
>
> (b) Consolidate the actions; or
>
> (c) Issue any other orders to avoid unnecessary cost or delay.

{¶ 32} Local Rule 15(H) of the Local Rules of the Cuyahoga County Court of Common Pleas ("Loc.R. 15(H)") sets forth the procedure for filing a motion for consolidation:

> Pursuant to Civil Rule 42, when actions involving a common question of law and fact are pending in this court, upon motion by any party, the court may order a joint trial of any or all of the matters in issue; it may order all or some of the actions consolidated; and, it may make such orders concerning proceedings as may tend to reduce unnecessary costs or delay. The motion for consolidation shall be filed in all actions for which consolidation is sought. All judges involved in the consolidation motion shall confer in an effort to expedite the ruling.

The judge who has the lower or lowest numbered case shall rule on the motion. In the event that the judges cannot agree, the motions shall be referred to the Administrative Judge for ruling.[11]

{¶ 33} Further, Dennis could have sought leave to file a counterclaim in the 2017 action. *See* Civ.R. 13(E) ("A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleadings."). When Dennis filed his complaint in May 2023 in this case, the parties were still in the initial stages of discovery in the 2017 action. A new scheduling order with new deadlines was issued in October 2023.[12] However, to the extent that Dennis' claims arose after the filing of his answer in the 2017 action, he was not required to do so.

{¶ 34} Dennis' assignment of error is sustained.

---

[11] Even assuming the trial court had the authority to, sua sponte, order consolidation of the two cases, because Dennis does not assign as error the trial court's failure to sua sponte order consolidation of the cases, we do not consider that issue here. *See Houser v. Anders*, 4th Ross No. 682, 1979 Ohio App. LEXIS 12471, 11 (May 22, 1979) ("The trial court has discretionary authority under Civ.R. 42(A) to effect consolidation in certain instances. In the absence of an attempted joinder through pleadings, coupled with an absence of a motion for consolidation, we decline to consider the failure of the trial court to exercise, sua sponte, its discretionary authority as an abuse of discretion."). Furthermore, pursuant to Loc.R. 15(H), it would have been the judge in the 2017 action, i.e., the judge who had the lower number case, who would have properly ruled on a motion to consolidate.

[12] Under the circumstances here, where the parties' claims involve the same parties, witnesses and documents and involve resolution of common factual and legal issues, proceeding with multiple actions would appear to have little benefit — aside from generating additional legal expenses — given that issue preclusion will apply to prevent the relitigation between the parties of any fact or issue actually litigated and determined by the court in the other case. *See, e.g., AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am.*, Slip Opinion No. 2023-Ohio-3097, ¶ 16-17 ("Issue preclusion, also known as collateral estoppel, prevents parties from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit.").

**{¶ 35}** Judgment reversed; case remanded for further proceedings.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR